Dünkin, Ch.,
dissenting. I am constrained to dissent from this judgment, and principally for the reasons given in the circuit decree. In Chancellor Wardlaw’s decree, 7 Rich. Eq. *129 193, it is stated that, on the 29th Dec., 1843, Lycurgus McNish, having sold and conveyed both tracts to B. E. Guerard, paid the purchase money, two thousand and twenty-five dollars, to George Pope, and took his receipt for the same, to be applied, to the trust bond given by him, (Lycurgus McNish), for the benefit of the McNish family." Referring to the alleged difference in the title of the Bower and Stock Farm, he says, “ where, as in this case, the trustee consents that the estate for which he is trustee shall be mixed and consolidated with another estate of his beneficiaries, as to which ho may have no fiduciary connection, and becomes purchaser of the mass at his own sale, his purchase of the whole is voidable. On this account greater effect is to be given to his subsequent acts and declarations, representing himself, notwithstanding his legal title, as remaining trustee for the whole. Beneficiaries are not bound to treat a voidable sale as void —they may affirm it and proceed for the amount of the resale and interest as the result of the management of their estate by the trustee.”' Such seems to me to have been the condition of these parties. By their previous acts, or acquiescence, they may- well hav* been regarded as affirming the purchase made by their trustee, and their bill against B. E. Guerard was properly dismissed. But this does not change the character of the transaction, or preclude their recovery of the price at which the land was sold to Guerard “ as the result of the management of their estate by the trustee.”

Decree modified.